William H. JUMP and Brian Jump, Plaintiffs–Appellants,

v.

SCHAEFFER & ASSOCIATES INSURANCE BROKERAGE, INC. and Worldwide Marine Underwriters, Defendants–Appellees.

No. 04–2884.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 1, 2005.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

William H. Jump, Antioch, IL, pro se.

Brian Jump, Antioch, IL, pro se.

Suzanne E. Coe, Atlanta, GA, Panos T. Topalis, Tribler, Orpett & Meyer, Robert M. Chemers, Pretzel & Stouffer, Chicago, IL, for Defendants–Appellees.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

■ After their boat was stolen and their insurance claim was denied, William and Brian Jump brought suit in diversity against the underwriter and three other parties who had been involved in brokering and administering their insurance policy. The district court dismissed the underwriter after accepting its argument that the Jumps had failed to sue within the one-year time limit prescribed by their policy, and also dismissed the underwriter's agent for lack of personal jurisdiction. That left an insurance broker, Schaeffer & Associates, and the Jumps' agent, Worldwide Marine Underwriters, as the remaining defendants. Fourteen months after the suit was filed those defendants moved to dismiss the action for lack of subject matter jurisdiction, arguing that the Jumps sought damages below the jurisdictional minimum of $75,000.

The district court solicited memoranda from the parties "on the issue of amount in controversy." In response the Jumps argued that they had mislabeled some actual losses, particularly amounts invested in "upgrades" of the boat's "cosmetic and engine features," as punitive damages in their complaint, and so in fact their actual losses alone exceeded the jurisdictional minimum. The Jumps further argued that they are entitled to punitive damages based on the defendants' misconduct in "having sold them deliberately a policy in bad faith with illusional coverage." Neither remaining defendant addressed the Jumps' assertion that the complaint had alleged actual, but mislabeled, losses exceeding $75,000. Instead, the defendants argued that punitive damages are unavailable under the facts of the case. The district court granted the motion to dismiss in open court but did not supply written reasoning. The Jumps appeal.

As a preliminary matter, we note that the district court had an independent duty to verify its own jurisdiction even before the defendants raised the issue of the amount in controversy. *E.g., Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004). Here, the district court dismissed the underwriter based on an affirmative

defense before deciding that it did not have subject matter jurisdiction over the case. But a court may not decide any matter over which it lacks subject matter jurisdiction, *id.* at 993, and the court's dismissal of the principal defendant on the merits is inconsistent with its later finding that diversity jurisdiction was lacking. We need not disturb the dismissal on the merits, however, because we conclude that the district court in fact had subject matter jurisdiction.

We review de novo the district court's legal determination as to whether subject matter jurisdiction exists. *Scott v. Trump Ind., Inc.,* 337 F.3d 939, 942 (7th Cir.2003). Before we examine whether the Jumps may use punitive damages to satisfy the jurisdictional amount, we turn to their argument that their complaint alleged *actual* losses exceeding $75,000. Worldwide and Schaeffer have not refuted or even addressed this contention.

A plaintiff seeking to invoke the diversity jurisdiction must demonstrate "no more than a good faith, minimally reasonable belief" that the claim is for more than $75,000. *Neuma, Inc. v. AMP, Inc.,* 259 F.3d 864, 881 (7th Cir.2001). Dismissal is appropriate only if on the face of the pleadings it is apparent to a legal certainty that the claim is for an amount less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Smith v. Am. Gen. Life and Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir.2003).

Although the prayer for relief estimates compensatory damages of $68,000, paragraph 23 of the complaint alleges that the defendants' actions resulted in "a loss" exceeding $75,000. The remainder of the complaint divides the specific losses into $62,000 for the boat and trailer, $3,500 for policy premiums, and $2,500 "for the loss of the plaintiffs' equipment." The Jumps' supplementary memorandum argues that the complaint alleges other losses, namely the amount invested in improvements to the boat, that brought the amount of the total loss above $75,000.

We need not hold the Jumps to the amount stated in the prayer for relief if the complaint read as whole claims that the amount in controversy exceeds $75,000. *See RTC Commercial Assets Trust v. Phoenix Bond & Indem. Co.,* 169 F.3d 448, 452 (7th Cir.1999). As their supplemental memorandum points out, they allege losses in the complaint other than those listed in the prayer for relief. For example, paragraph 7 explains that the Jumps had recently "invested to upgrade certain cosmetic and engine features." Although they dispute the availability of punitive damages, neither defendant has ever challenged the Jumps' contention that their actual losses total more than $75,000. When a plaintiff's allegation of the amount in controversy is uncontested, we accept it unless it is clear to a legal certainty that the claim is for less than the jurisdictional amount. *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995). However, defendant Schaeffer does suggest in its supplemental memorandum that some of the actual losses alleged by the Jumps are not recoverable under the insurance policy. The existence of a contractual cap might preclude the Jumps from obtaining damages in excess of the jurisdictional minimum. But we cannot determine on the record before us whether it is clear beyond a legal certainty that the Jumps's claim is for less than $75,000.

In any event, we agree with the Jumps that any doubt about the jurisdictional amount is settled by their demand for punitive damages. When a plaintiff seeks to satisfy the jurisdictional minimum of $75,000 by combining actual and punitive damages, a district court must engage in a two-step analysis. First the court

determines whether punitive damages are recoverable as a matter of state law; if they are, subject matter jurisdiction exists unless it is clear beyond a legal certainty that the plaintiff under no circumstances would be entitled to recover an amount sufficient to satisfy the jurisdictional amount. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir.2000). Where, as here, the defendants contest punitive damages, the plaintiff must support his claim with "competent proof." *Id.* at 979.

As the defendants have emphasized, punitive damages are generally unavailable in breach-of-contract cases. *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 221 Ill.Dec. 473, 675 N.E.2d 897, 901 (1997). But it is not clear that the Jumps' suit is confined to an action on the insurance contract. Where an insurer has engaged in "unreasonable or vexatious conduct," section 155 of the Illinois Insurance Code allows an insured to recover attorney's fees and extracontractual damages. 215 ILCS 5/155; *Cramer*, 221 Ill.Dec. 473, 675 N.E.2d at 901. The Supreme Court of Illinois has explained that this statute, while not the exclusive remedy for tortious conduct by an insurer, essentially substitutes for a separate tort of "bad faith." *Cramer*, 221 Ill.Dec. 473, 675 N.E.2d at 904. The Jumps specifically allege "bad faith," claiming that they were deliberately misled and promised coverage that did not exist. They may have stated a claim for fraud, and at a minimum, the actions alleged seem to be among the conduct that Supreme Court of Illinois contemplated in holding that allegations of bad faith state a claim under § 155 although they do not amount to an independent tort. *See id.; Leona's Pizzeria, Inc. v. Northwestern Nat'l Cas. Co.*, 203 F.Supp.2d 930, 933–34 (N.D.Ill.2002). Thus the Jumps are entitled to seek extracontractual damages of up to $25,000, the limit under the statute at the time the Jumps filed, for "unreasonable and vexatious" conduct by the insurer under Illinois law.

Worldwide Marine concedes that § 155 provides an extracontractual remedy for the Jumps but makes the misguided argument that jurisdiction is lacking because such damages cannot be obtained from the remaining defendants, who are non-insurers. *See Cummings Foods, Inc. v. Great Central Ins. Co.*, 108 Ill.App.3d 250, 64 Ill.Dec. 108, 439 N.E.2d 37, 44 (1982). But we determine whether jurisdiction exists from the time the complaint was filed. *Johnson*, 361 F.3d at 992. The insurer was a party at the time of the complaint, and because "events after the suit begins do not affect the diversity jurisdiction," *id.* at 993, the merits dismissal of the insurer on a policy defense is irrelevant to the issue of jurisdiction.

We next determine whether it is clear beyond a legal certainty that the plaintiffs under no circumstances would be entitled to recover an amount sufficient to satisfy the jurisdictional amount. This inquiry is entirely separate from the existence of defenses on the merits because "a legal shortcoming does not equate to a jurisdictional shortfall." *Johnson*, 361 F.3d at 993–94. Here, the plaintiffs have not employed double-counting nor have they alleged punitive damages in excess of the $25,000 cap under § 155. *See id.* Moreover, the defendants do not contend, and we see no evidence to suggest, that the Jumps brought a frivolous claim for punitive damages solely for the purpose of obtaining jurisdiction. *See Smith*, 337 F.3d at 895, 896. Thus, at the time the complaint was filed, it was not clear beyond a legal certainty that the plaintiffs could not recover punitive damages. Because both prongs of *Del Vecchio* are satisfied, the Jumps may use punitive damages to reach the jurisdictional minimum.

For the reasons stated above, we VA-CATE the judgment of the district court and REMAND for further proceedings.